UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE COSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-1195 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court on Petitioner Willie Cosey's ("Cosey") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion [#1] is DISMISSED.

**Background**

On September 26, 2003, Cosey and his co-defendant were charged in a two-count Superseding Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of Title 21, U.S.C. § 846 and § 841(b)(1)(A), and with possession of cocaine and more than 50 grams of a mixture and substance containing cocaine base in violation of Title 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), and Title 18, U.S.C. § 2. Cosey pled guilty to Count 2 of the Superseding Indictment, possession with intent to distribute cocaine. On May 27, 2004, Cosey was sentenced to 150 months' imprisonment and six years of supervised release. He did not appeal his sentence.

On December 13, 2007, Cosey filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing: 1) that the Court improperly assessed his criminal history points, and 2) that he received ineffective assistance of counsel where counsel allegedly failed to meet with Cosey to review the Pre-Sentence Report, to seek out errors in the PSR, and to submit the errors to the U.S. Attorney to be rectified. The Court construed Cosey's § 2241 motion as a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255. On August 18, 2008, Cosey's § 2255 motion was denied as time barred. He did not appeal the denial of his § 2255 motion.

Cosey now attempts to take yet another bite at the apple. A preliminary review of the Motion reveals that he again alleges ineffective assistance of counsel, this time based upon the allegation that counsel was ineffective for failing to file a timely notice of appeal.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the provisions of 28 U.S.C. § 2255 by adding the following language:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. As amended, § 2244(b)(3)(A) now requires the applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider the application"

prior to filing a second or successive application in the district court.

The instant motion is, essentially, Cosey's third petition for habeas corpus pursuant to § 2255 in response to his 2004 conviction for possession with intent to distribute cocaine.[1] However, Cosey has again failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application. Before this Court is able to consider his motion, he must obtain such order from the Seventh Circuit Court of Appeals.

## Conclusion

Accordingly, for the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED for lack of jurisdiction. This case is terminated.

ENTERED this 24th day of June, 2010.

s/Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge

---

[1] The Court notes that on February 5, 2010, the Court ruled on Cosey's Motion to Appeal Out of Time Under Federal Rule of Criminal Procedure Rule 4(b)(1)(4) [sic] in his criminal case, No. 02-10059. In its Order, the Court alternatively construed Cosey's motion as a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255. The Court determined that his motion, construed as a § 2255 motion, would be Cosey's second of that kind, that he failed to obtain the necessary order from the Seventh Circuit Court of Appeals authorizing this Court to consider his application, and so the motion was dismissed for lack of jurisdiction. *See* 2/5/2010 Order, Docket Entry 207, in Case No. 02-10059.